**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Cenobio ROJAS, Defendant–Appellant.**

**No. 05–50334.**

United States Court of Appeals,
Ninth Circuit.

Argued and submitted Aug. 7, 2007.

Filed Sept. 21, 2007.

Becky S. Walker, Esq., Daniel N. Shallman, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Sara L. Caplan, Esq., Law Office of Sara L. Caplan, Beverly Hills, CA, for Defendant–Appellant.

Before: BERZON and IKUTA, Circuit Judges, and SINGLETON *, Senior District Judge.

United States District Judge for the District of

## MEMORANDUM **

Cenobio Rojas appeals from a sentence of 37 months imposed by the district court. Rojas plead guilty and was convicted of 10 counts of wire fraud (18 U.S.C. § 1343).

The court did not err in calculating the loss amount for purposes of fixing the offense level and determining restitution. The court relied on the sales prices adjusted to reflect Rojas' concerns about fair market value. *See United States v. Davoudi*, 172 F.3d 1130 (9th Cir.1999). The adjustment used was sufficient, as the other suggested adjustments would not have been consistent with the applicable legal standards. Rojas' other concerns are not borne out by the record.

The court did not err by increasing the offense level for Rojas' role in the offense. *See* United States Sentencing Commission, Guidelines Manual, § 3B1.1(a) (Nov. 1997). The undisputed evidence, including Rojas' admissions and stipulations in his plea agreement and the Rule 11 colloquy, establishes that Rojas was a key player in the crime, even if he was not the only key player or for that matter the "kingpin." The evidence also establishes that the enterprise was "otherwise extensive," regardless of the number of participants. Rojas does not dispute these facts. He merely mistakenly argued to the district court, and repeats the argument on appeal, that the admitted and stipulated facts do not make him a leader or organizer of the criminal activity or establish that there were a sufficient number of participants. There were thus no factual disputes pertinent to the applicable legal standards to be resolved. *See United States v. Ingham*, 486 F.3d 1068, 1073–76 (9th Cir.2007) (Rule 32(i)(3)(B) only requires the district court to rule upon disputed facts if they are pertinent to applying the legal standard). In any event, the district court did rule on Rojas' dispute by rejecting his objection to the USSG § 3B1.1(a) enhancement. *See* Fed.R.Crim.P. 32(i)(3)(B).

The court did not err by increasing the offense level for more than minimal planning (USSG § 2F1.1(b)(2)). His crime involved multiple acts, over a significant period of time.

Since we reject Rojas' specifications of error, we also reject his conclusion that those errors rendered his total sentence "unreasonable" under 18 U.S.C. § 3553(a).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

